**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| KB INSURANCE CO., LTD., a Korean Corporation,<br><br>        Plaintiff,<br><br>            vs.<br><br>TIC INTERNATIONAL SERVICES, INC., a California corporation, *et al.*<br><br>        Defendants.<br> | Case No.  5:15-CV-02567-SVW-KK<br>Assigned to the Hon. Stephen V. Wilson<br><br>**[PROPOSED] ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS**<br><br>NOTE CHANGES MADE BY THE COURT |
| And related Cross-Action | |

1

1.    The terms of this ~~Stipulated~~ Order do not apply to the Court and/or court personnel, including court reporters employed by the Court, who are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal.

2.    Documents, materials, or testimony containing subject matters which constitute, refer to, or otherwise incorporate proprietary non-public, commercial, financial, trade secret and/or private information produced or disclosed by either party in this Action, or by third parties, whether voluntarily or pursuant to discovery demand or court order, are hereinafter referred to as "Protected Material." Except as otherwise indicated below, including documents and discovery responses previously produced or made in this action which may be designated by a party as "Confidential" within 15 days of entry of this order, and all documents or discovery responses (including transcripts of deposition testimony) designated by a party as "Confidential" and which are disclosed or produced to the attorneys for the other parties in the above-captioned matter (the "Action") are Protected Material and are entitled to confidential treatment as described below.

3.    Parties are to identify Protected Material as "Confidential" in an easily identifiable manner at the time such documents are produced or upon discovery that already produced documents and discovery responses contain Protected Material. Such manner shall include, but not necessarily be limited to, labeling individual documents as "Confidential;" identifying, in writing, specific range of Bates numbers as "Confidential" documents; and/or, for electronic productions, placing the documents in a folder labeled "Confidential."

4.    Protected Material shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) documents that were submitted to any governmental entity without request for confidential treatment prior to production in this matter.

[PROPOSED] ORDER GOVERNING THE
DESIGNATION AND HANDLING OF
CONFIDENTIAL MATERIALS

5.     The Parties shall not be obligated to challenge the propriety of a "Confidential" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that a party objects at any stage of these proceedings to the propriety of a designation by a party of any information as "Confidential," the Parties shall attempt first to dispose of the dispute in good faith on an informal basis.  If the dispute cannot be resolved, any party may seek appropriate relief from this Court, so long as it is consistent with any scheduling order entered by the Court in this case.  Any such motion challenging a party's designation of Protected Material shall be brought in strict compliance with this Court's Local Rules 37-1 and 37-2 and the party who designated the information in question as "Confidential" shall have the burden of proving that the information designated as "Confidential" is subject to the restrictions of this Stipulated Order.

6.     Protected Material shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

7.     Protected Material may be disclosed only to the following persons ("Qualified Persons"):

A.     The party or parties receiving Protected Material, including the parties' officers, directors, and employees, and their legal counsel;

B.     Employees of the parties' legal counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this Action;

C.     The Court and court personnel, including stenographic reporters as necessarily incident to the preparation for trial of this action;

D.     Noticed or subpoenaed deponents and their counsel;

E.     Retained experts, consultants, and prospective third party fact witnesses if, in the judgment of counsel for a party, (a) disclosure to the

3

person is reasonably necessary for the purpose of advising, consulting, and/or preparing to give testimony in connection with this case, and (b) the person agrees in writing to be bound by the terms of this Stipulated Order and signs a copy of Exhibit A.  Each party is responsible for maintaining the copies of Exhibit A signed by its own experts, consultants, or witnesses and taking reasonable steps to ensure that each party's own experts, consultants, or witnesses abide by the terms of this Stipulated Order.

8.     The party or parties receiving Protected Material may provide the Protected Material produced in this Action only to those persons identified in paragraph 7 of this ~~Stipulated~~ Order who have a need to review, rely on and/or analyze such Protected Material for the purpose of prosecuting this Action.  The party or parties receiving Protected Material shall not provide such Protected Material to any other person or entity for any purpose whatsoever, except as permitted by this ~~Stipulated~~ Order or by mutual consent of the parties.

9.     Protected Material shall be used solely for the purpose of this Action and shall not be used in connection with any other lawsuit, arbitration, claim, proceeding, or for any other purpose, except upon the written stipulation of the parties or order of the Court.  Nothing in this ~~Stipulated~~ Order, however, should be construed as authorizing a party to disobey a lawful subpoena or court order issued in another action.

10.     The Parties shall take necessary steps to keep Protected Material from public disclosure and shall, unless otherwise agreed to by the designating party, seek to file any Protected Material or any affidavits, briefs, motions, or other papers that disclose Protected Material under seal in compliance with the Local Rules of the United States District Court, Central District of California.  Any Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 in its entirety and this ~~Stipulated~~ Order does not entitle them to file Protected Material

4

under seal.  Protected Material may only be filed under seal pursuant to a court order

authorizing the sealing of the specific Protected Material at issue. If a Party's

request to file Protected Material under seal is denied by the Court, then the Party

may file the information in the public record unless otherwise instructed by the

Court.  Nothing in this Paragraph shall preclude the filing party from consulting

with the designating party to determine whether, with the consent of the designating

party, the document or a redacted version of the document may be filed with the

Court not under seal. If the document is not already stamped "Confidential," the

filing party shall so stamp it.

11.     To the extent that Protected Material is used in depositions, such

documents or information shall remain subject to the provisions of this ~~Stipulated~~

Order, along with the transcript pages of the deposition referring to the Protected

Material.  Parties shall have 30 days from the date of delivery of an original or

certified transcript of any deposition proceedings to designate appropriate portions

of the transcript as "Confidential" within the scope of this ~~Stipulated~~ Order.  Any

such notice also shall be provided to the court reporter responsible for preparing the

transcript.  This ~~Stipulated~~ Order will not apply to the use of Protected Material at

trial or other Court proceedings.

12.     Any court reporter or transcriber who reports or transcribes testimony

in this Action concerning Protected Material shall agree that all "Confidential"

information designated as such under this ~~Stipulated~~ Order shall remain

"Confidential" and shall not be disclosed by them, except pursuant to the terms of

this ~~Stipulated~~ Order.

13.     Except as otherwise specifically provided for in this ~~Stipulated~~ Order,
Order
the persons covered by this ~~Stipulation~~ are prohibited from disseminating in any

fashion, manner or method the Protected Material produced herein, or any copies,

notes, summaries, extracts or digests thereof, without the further written stipulation

[PROPOSED] ORDER GOVERNING THE
DESIGNATION AND HANDLING OF
CONFIDENTIAL MATERIALS

of the producing party or by order of the Court.

14.     This ~~Stipulated~~ Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and all other persons or organizations over which they have control.

15.     Inadvertent or unintentional production of documents or information containing Protected Material which is not designated "Confidential" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

16.     The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

17.     The term "Final Disposition" shall mean the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

18.     After the Final Disposition of this action, any and all documents containing Protected Material and all copies made thereof shall, at the option of the Parties holding such information, either (a) be returned promptly to the party that produced the material, or (b) be destroyed, and a certificate to that effect shall be provided to the party that produced the material.  However, any work product (as defined under applicable law), pleadings, claim file materials, deposition transcripts or trial exhibits in this action may be retained by counsel, subject to the terms of this Order.

19.     After Final Disposition of this Action, the provisions of this ~~Stipulation~~ Order and any Order issued pursuant thereto shall continue to be binding.  This Court

6

1  retains and shall have continuing jurisdiction over the parties and recipients of the

2  Protected Material for enforcement of the provisions of this ~~Stipulation and~~ Order

3  following termination of this Action.  Any party seeking to enforce this ~~Stipulation~~

4  Order or claiming a breach thereof may move at a noticed hearing for contempt or

5  for appropriate sanctions.  The Court may award attorney's fees and costs to the

6  prevailing party on the motion.

7

8

9              FOR GOOD CAUSE SHOWN, IT IS SO FOUND AND ORDERED.

10

11

12  Dated:  March 15, 2017        By: _____

13                                    HONORABLE KENLY KIYA KATO
                                      UNITED STATES MAGISTRATE JUDGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

EXHIBIT A

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

Case No. 5:15-CV-02567-SVW-KK

I, _____, hereby declare under penalty of perjury that I have read in its entirety and understand the Stipulated Order Governing the Designation and Handling of Confidential Materials that was entered in the case entitled *KB Insurance Co., Ltd. v. TIC International Services, Inc., et al*, now pending in the United States District Court for the Central District of California, Case no. 5:15-CV-2567 and agree to be bound and abide by its terms.  I agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Stipulated Order, even if such enforcement proceedings occur after termination of this action.

I hereby further agree that upon notice that the case has been resolved or upon the termination of my work on this case, I will either (a) return any documents containing or referencing Protected Material that I received to counsel for the party or parties who retained me or (b) destroy the documents containing or referencing Protected Material and provide counsel with written confirmation of such destruction.


Dated: _____


Signed: _____

Name: _____

Title: _____

[PROPOSED] ORDER GOVERNING THE
DESIGNATION AND HANDLING OF
CONFIDENTIAL MATERIALS